UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID ROBERT FOUNTAIN, JR.,

     Plaintiff,

v.                                                                  Case No: 8:11-CV-52-T-17TBM

CITY OF LAKELAND,
LAKELAND POLICE DEPARTMENT,
OFFICER DAVID WATERMAN,
OFFICER JOHN DOE, and
TASER INTERNATIONAL, INC.

     Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS
## AND MOTION FOR MORE DEFINITE STATEMENT

    This cause is before the Court on Defendants, City of Lakeland, Lakeland Police

Department, Officer David Waterman, and Officer John Doe's (collectively "Defendants")

Motion to Dismiss (Doc. 6) and the Plaintiff David Robert Fountain, Jr.'s response thereto (Doc.

15).  For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED IN PART**

and **DENIED IN PART**.  The following facts, gleaned from Plaintiff's Complaint (Doc. 1), are

taken as true for purposes of this motion.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, David Robert Fountain, Jr. ("Plaintiff" or "Fountain"), filed this action on January 7, 2011, in connection with a January 9, 2007 incident, in which he was allegedly "tasered" seven separate times by Defendant Officer David Waterman ("Waterman"), and then, despite being unarmed and already restrained, pepper-sprayed by an unidentified police officer, Defendant Officer John Doe ("Doe"). (Doc. 1, ¶ 9). Both Waterman and Doe (collectively, "Defendant Officers") are employees of Defendant Lakeland Police Department. (Doc. 1, ¶ 9).

Plaintiff's four-count complaint alleges violations of 42 U.S.C. § 1983 with regard to the Fourth, Fifth, Eighth, and Fourteenth Amendments (Count I) and also sets out a "Monell claim" alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986 (Count II).[1]  Neither Count I nor Count II explicitly states against which Defendant, or group of Defendants, Plaintiff is making his allegations. However, Count II contains the caption "Monell claim," and as Monell claims do not apply to claims against individuals, the Court will consider Count II as against only the municipal defendants in the present action, the City of Lakeland and the Lakeland Police Department, and Count I as being alleged against all the defendants collectively.

Plaintiff's allegations that his civil rights were violated as a result of the January 9, 2007 incident are essentially summarized as follows:

> On or about January 9th, 2007, Defendants violated Plaintiff Fountain's civil rights by using a degree of physical coercion which was not objectively reasonable under the circumstances. Plaintiff Fountain posed no threat, was cooperative with Defendant Waterman, and had committed no crime. At the time in question, there was no outstanding warrant of any kind or nature for Plaintiff's arrest. Defendants' use of excessive force was unreasonable and in violation of

---

[1] The remaining counts of Plaintiff's complaint set forth products liability claims against Defendant Taser International, Inc. and are irrelevant for the purposes of the motion at hand. Additionally, Plaintiff originally alleged causes of action under 42 U.S.C. §§ 1985 and 1986 in Count II of its Complaint. However, in its response to Defendants' Motion to Dismiss, Plaintiff "concede[d] that the facts alleged [in its Complaint] are insufficient to set forth causes of action [under both statutory provisions]. (Doc. 15, p. 2). Therefore, the Court **GRANTS** Defendant's Motion to Dismiss as to Plaintiff's 42 U.S.C. §§ 1985 and 1986 claims.

> Plaintiff's civil rights under the Fourth and Fourteenth Amendments to the United
> States Constitution to be free from an unreasonable seizure of his person and to be
> free from a loss of physical liberty. The use of excessive force also violated the
> Eight Amendment, as it was cruel and unusual punishment to be subjected to
> injury, and threat of death. Defendant's use of excessive force was in violation of
> Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights.

(Doc. 1, ¶ 28). As relief for these alleged civil rights violations, Plaintiff seeks general

and special damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. § 1988.

(Doc. 1, ¶¶ 35-36, 41, pp. 19-20).

In response, Defendants argue in their Motion to Dismiss that all of Plaintiff's

claims should be dismissed for failure to allege sufficient facts to set forth a cause of

action. (Doc. 6). In the alternative, Defendants request that the Court require Plaintiff to

file a more definite statement that more clearly delineates the claims and allegations

pertaining to the Defendants. (Doc. 6).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 8(a)(2) requires that a plaintiff's complaint lay out

"a short and plain statement of the claim showing that the pleader is entitled to relief." That said,

"[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." Bell Atl. Corp. v. Twombly, 550 U.S 544, 555 (2007) (internal quotation marks

and citation omitted).

Therefore, "to survive a motion to dismiss, a complaint must now contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Am.

Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting Twombly, 550 U.S.

at 570). In considering a motion to dismiss, courts must follow a simple, two-pronged approach: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Id. at 1290 (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)). In short, the "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

## DISCUSSION

### A. *FEDERAL CLAIMS*

Only two allegations are required to state a cause of action under 42 U.S.C. § 1983. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980).

As a threshold matter, the first determination to be made in analyzing a 42 U.S.C. § 1983 claim is identifying the specific constitutional right allegedly infringed. Calhoun v. Thomas, 360 F. Supp. 2d 1264, 1270 (M.D. Al. 2005). Although Plaintiff repeatedly asserts that the Defendant Officers actions constituted a violation of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights, (Doc. 1., ¶¶ 12, 15, 19, 24-26, 28, 34), the Court finds that Plaintiff only alleges a cause of action under the Fourth Amendment.

### 1. The Fourth and Fourteenth Amendments

Plaintiff alleges that "the activities undertaken by [the Defendant Officers] constituted an inappropriate seizure of the person under the Fourth Amendment of the United States

4

Constitution as [Plaintiff] was clearly not able to walk away from the control of Defendant Officers and had, without any probable cause, been subjected to an unreasonable search and seizure of his person." (Doc. 1, ¶ 10). Plaintiff further argues that the "repeated use of the Taser constituted . . . excessive force in violation of the Fourth Amendment." (Doc. 1, ¶ 11). Defendants, in response, argue that Plaintiff fails to state a claim for relief because Plaintiff's Complaint does not set forth facts as to how the incident unfolded, where it occurred, whether it happened in the course of an investigatory stop, an arrest, or while Plaintiff was in custody. (Doc. 6). While the Court finds merit in Defendants' argument, the Court concludes that Plaintiff has set forth enough facts, when given a generous reading by the Court, to state a cause of action under the Fourth Amendment.

The Constitution prohibits law enforcement from performing unreasonable seizures. U.S. Const. amend IV; U.S. Const. amend XIV. Freedom from unreasonable seizures includes the right to be free from excessive force during an arrest. Durruthy v. Pastor, 351 F.3d 1080, 1093 (11th Cir. 2003). The Supreme Court has held that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." Graham v. Connor, 490 U.S. 386, 395 (1989). "Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing [excessive force] claims." Id.

However, courts have commented that it is not necessarily clear whether allegations of excessive force prior to a criminal conviction[2] should be analyzed under the Fourth or the Fourteenth Amendments. See Calhoun v. Thomas, 360 F. Supp. 2d at 1272 (referring to the time period after an arrest but before a judicial determination as to probable cause as a "legal twilight zone"); Orem v. Rephann, 523 F.3d 442, 446 (4th Cir. 2008) (noting that "[t]he point at which Fourth Amendment protections end and Fourteenth Amendment protections begin is often murky"). However, the Eleventh Circuit has indicated that the Fourteenth Amendment analysis should not begin until "*after* the incidents of arrest are completed, *after* the plaintiff has been released from the arresting officer's custody, and *after* the plaintiff has been in detention awaiting trial for a significant period of time." Garrett v. Athens-Clarke County, Ga., 378 F.3d 1274, 1279 (11th Cir. 2004); see also Albritten v. Dougherty County, 973 F. Supp. 1455, 1461 (M.D. Ga. 1997); Sweatt v. Bailey, 876 F. Supp. 1571, 1581-1583 (M.D. Ala. 1995).

While, as noted by Defendants, the Plaintiff's Complaint leaves much to be desired as to the exact facts surrounding his arrest by the Defendant Officers, Plaintiff has satisfied the pleading requirements for a cognizable unreasonable seizure and excessive force claims under the Fourth Amendment. Plaintiff has alleged that he was arrested without probable cause and with no outstanding warrant. (Doc. 1, ¶¶ 15, 28). In the course of the arrest Plaintiff alleges the Defendant Officers used excessive force by using a taser on him seven separate times and then administering pepper spray on him after he was already restrained. (Doc. 1, ¶ 9). Therefore, Defendants' Motion to Dismiss as to the Fourth Amendment claim is **DENIED**. As the facts plead do not establish a claim under the Fourteenth Amendment, Defendants' Motion to Dismiss as to the Fourteenth Amendment claim is **GRANTED**.

---

[2] The Eighth Amendment is only implicated *after* a criminal conviction. Therefore, any claim Plaintiff asserts under the Eight Amendment is dismissed by the Court for the reasons stated below.

## 2. The Fifth Amendment

Plaintiff repeatedly alleges that his "Fourth, Fifth, Eighth, and Fourteenth Amendments" rights were violated by the actions of the Defendant Officers without providing any further information as to exactly how his Fifth Amendment rights were violated. (Doc. 1., ¶¶ 12, 15, 19, 24-26, 28, 34). Defendants correctly contend that Plaintiff cannot establish a cause of action under the Fifth Amendment because the protections afforded by this amendment are applicable only to *federal* actions. The Fifth Amendment applies only to the actions of federal, not state government. See Barron v. Mayor & City Council, 32 U.S. 243 (1833); Newsom v. Vanderbilt Univ., 653 F.2d 1100, 1113 (6th Cir. 1981). Plaintiff has made no allegations that any of Defendants' actions were made under color of federal law. The Court **GRANTS** the Motion to Dismiss as to any alleged Fifth Amendment violation.

## 3. The Eighth Amendment

As to its Eighth Amendment claim, Plaintiff alleges that "[the Defendant Officers'] use of excessive force also violated the Eighth Amendment, as it was cruel and unusual punishment to be subjected to injury, and threat of death." (Doc. 1, ¶ 28). However, the Eight Amendment is intended to prohibit conduct that constitutes punishment and is only implicated when there is the *conviction of a crime*. Bell v. Wolfish, 441 U.S. 520 (1979). Plaintiff does not claim that any of the alleged constitutional violations occurred after he was convicted of a crime. Thus, the Eighth Amendment is inapplicable. The Court **GRANTS** Defendants' Motion to Dismiss as to any alleged Eighth Amendment violation.

7

### B. *APPROPRIATE DEFENDANTS*

#### 1. Lakeland Police Department

As a threshold matter, Defendants' Motion to Dismiss correctly points out that police departments are not usually considered legal entities subject to suit. See Dean v. Barber, et. al., 951 F.2d 1210, 1214 (11th Cir. 1992). The "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Fed. R. Civ. P. 17(b); see also Dean, 951 F.2d at 1214. Florida courts have found that the city police department is not a legal entity and has no legal existence separate and apart from the city. See Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D. Fla. 1990); Florida City Police Dept. v. Corcoran, 661 So. 2d 409, 410 (Fla. 3d DCA 1995). Accordingly, because the Lakeland Police Department lacks the capacity to sue or be sued, Defendants' Motion to Dismiss as to the City of Lakeland Police Department is **GRANTED**.

#### 2. City of Lakeland – Plaintiff's Monell Claim

Count II of Plaintiff's Complaint alleges a Monell claim against Defendants City of Lakeland and the Lakeland Police Department. The Lakeland Police Department, as previously discussed, lacks the capacity to sue or be sued; therefore, Plaintiff's Monell claim is moot as to that entity.

Plaintiff's claims against the City of Lakeland fail to the extent that they attempt to establish vicarious liability for the conduct of the Defendant Officers. See Monell v. Dep't of Social Services of City of N.Y., 436 U.S. 658, 694 (1978). However, a local governing body such as the City of Lakeland may be sued under 42 U.S.C. § 1983 if its "policy or custom" was "the moving force of the constitutional violation." Monell v. Dep't of Social Services of City of

8

N.Y., 436 U.S. 658, 694 (1978). In <u>Monell</u>, the United States Supreme Court concluded that "Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies." <u>Id.</u> at 694. The Court further specified that "a municipality can be liable under § 1983 only where its policies are the 'moving force' behind the constitutional violation." <u>Id.</u> at 694.

To impose § 1983 liability on a municipality, the Plaintiff must allege: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. <u>McDowell v. Brown</u>, 392 F.3d 1283, 1288 (11th Cir. 2004) (citing <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 388 (1989)).

In order to establish a policy or custom sufficient to impose municipal liability, it is generally necessary to show a persistent and widespread practice. <u>Burnette v. Ciolino</u>, 750 F. Supp. 1562, 1564 (M.D. Fla. 1990). In addition, a plaintiff must show that the municipality had actual or constructive knowledge of the acts complained of. <u>Id.</u> Random acts or isolated incidents are normally not sufficient to show a policy or custom. <u>Depew v. City of St. Marys</u>, 787 F.2d 1496, 1499 (11th Cir. 1986).

As previously discussed, Plaintiff has successfully stated a claim for an alleged violation of his constitutional rights by the Defendant Officers under the Fourth Amendment. However, in order to establish a policy, custom, or practice, Plaintiff alleges as follows:

> Defendants City of Lakeland and Lakeland Police Department maintained a custom, policy and practice to allow the violation of Civil Rights. Additionally, Defendants City of Lakeland and Lakeland Police Department had a custom and practice of denying Governmental claims, rejecting, failing to act and denying Citizen Complaints, and engaging in excessive use of force and other actions. All of these actions were done in violation of Plaintiff's Civil Rights under Color of State Law and constituted a systematic custom, policy, practice and procedure instituted for denial of the Civil Rights of Plaintiff and others.

9

(Doc. 1, ¶ 38). In addition, Plaintiff alleges that it "was the policy and/or custom of [the City of Lakeland] to inadequately supervise and train its officers" and that the City of Lakeland has "developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional Rights of persons, which caused the violation of Plaintiff's civil rights." (Doc. 1, ¶¶ 29-30). While these broad statements barely clear the hurdle set forth by Iqbal's pleading standards, the Court reluctantly concludes they are sufficient to survive Defendants' present Motion to Dismiss. The Court, however, admonishes Plaintiff that the failure to present greater factual support for its assertions after appropriate discovery will result in serious challenges at the summary judgment stage.

Thus, Defendants' Motion to Dismiss Plaintiff's Monell claim against Defendant City of Lakeland is **DENIED**.


### 3. The Defendant Officers

Defendants' Motion to Dismiss argues that they are unable to determine whether Plaintiff is suing the Defendant Officers in their individual or official capacities. The Court agrees with Defendants in that Plaintiff's Complaint lacks clarity on this point. However, the primary concern of a court in establishing whether a plaintiff is stating a § 1983 cause of action against a defendant in its individual or official capacity is to make certain that the defendant has sufficient notice as to the capacity in which the plaintiff is suing them. Young Apartments, Inc. v. Town of Jupiter, FL, 529 F.3d 1027, 1047 (11th Cir. 2008). While it is clearly preferable that the plaintiff make the distinction, the Eleventh Circuit does not require a plaintiff "to designate with specific words in the pleadings that they are bringing a claim against defendants in their individual or official capacities, or both." Id.; see also Hobbs v. Roberts, 999 F.2d 1526, 1529-1530 (11th Cir.

1993). Instead, the court must look to the nature of the plaintiff's claims, whether the plaintiff requested compensatory or punitive damages, and any defenses alleged in response to the plaintiff's complaint, in particular any assertion of qualified immunity that would indicate the defendant possessed actual knowledge of the possibility of individual liability.  Young Apartments, Inc., 529 F. 3d at 1047.

While it is true that Defendants in their Motion to Dismiss have not alleged any qualified immunity defenses regarding the Defendant Officers in response to Plaintiff's allegations, the Court finds that Plaintiff has made it sufficiently clear that it is suing the Defendant Officers in their individual capacities. First, Plaintiff alleges that the Defendants are "individually liable for the violation of Plaintiff's Civil Rights apart and aside from the customs, policies and practices of Defendants City of Lakeland and Lakeland Police Department." (Doc. 1, ¶ 33).  Second, Plaintiff seeks punitive damages against the Defendant Officers. (Doc. 1, ¶ 35).  A plaintiff is only entitled to punitive damages in § 1983 actions when it sues governments officials in their individual capacities.  City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 267 (1981). Therefore, the Court is sufficiently satisfied that the Defendant Officers are on notice that Plaintiff is suing them in their individual capacities.

However, it remains unclear to the Court whether Plaintiff is attempting to allege a cause of action against the Defendant Officers in their official capacities as well.  This issue is moot, however, due to the fact that Plaintiff has also sued the City of Lakeland.  See Farred v. Hicks, 915 F.2d 1530 (11th Cir. 1990) (establishing that when a U.S.C. § 1983 plaintiff names as defendants police officers in their official capacities, the suit is in actuality against the entity that the officers represent).  As previously discussed, it is well-established that municipal liability under U.S.C. § 1983 is limited to constitutional violations that are caused by the government's

11

policymaking, and the plaintiff must identify a municipal "policy" or "custom" that caused the injury. Pembaur v. Cincinnati, 475 U.S. 469, 480-81 (1982). As such, municipal liability under U.S.C. § 1983 may not rely simply on the basis of respondeat superior. See Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1479 (11th Cir. 1991). It necessarily follows that any claims against the Defendant Officers in their official capacities must fail for the same reasons previously discussed with respect to the City of Lakeland. Therefore, Defendants' Motion to Dismiss the claims against the Defendant Officers in their official capacities is **GRANTED**.

Insofar as Plaintiff seeks a remedy from Defendant Officers themselves, Plaintiff's claims against them in their individual capacities provides the proper avenue for the pursuit of such relief. Thus, Defendant's Motion to Dismiss the claims against the Defendant Officers in their individual capacities is **DENIED**.

## CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART**. Defendants' request that the Court require Plaintiff to file a more definite statement is considered moot in light of the above discussion. In summary:

1. Defendant's Motion to Dismiss as to Plaintiff's 42 U.S.C. §§ 1985 and 1986 claims is **GRANTED**.

2. Defendant's Motion to Dismiss as to Plaintiff's claims arising under the Fifth, Eighth and Fourteenth Amendments is **GRANTED.**

3. Defendant's Motion to Dismiss as to Plaintiff's claims arising under the Fourth Amendment against the Defendant Officers in their individual capacities is **DENIED.** Defendants' Motion to Dismiss Plaintiff's claims arising under the Fourth Amendment against Defendant Officers in their official capacities and the City of Lakeland is **GRANTED**.

12

4.  Defendants' Motion to Dismiss the claims against Defendant Lakeland Police Department is **GRANTED** and it is terminated out of this action.

5.  Defendants' Motion to Dismiss Plaintiff's <u>Monell</u> claim against Defendant City of Lakeland is **DENIED**.

The remaining Defendants addressed in this order shall answer Plaintiff's Complaint within ten days of this order.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this ____ of August, 2011.


ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.