UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID ROBERT FOUNTAIN, JR.,

    Plaintiff,

vs.                              Case No. 8:11-CV-52-T-17TBM

CITY OF LAKELAND,
OFFICER DAVID WATERMAN,
OFFICER JOHN DOE, and
TASER INTERNATIONAL, INC.,

    Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant, TASER International, Inc.'s ("TASER"), Motion to Dismiss Counts I & II (Doc. 7) and the Plaintiff, David Robert Fountain, Jr.'s, response thereto (Doc 24). For the reasons set forth below, TASER's Motion to Dismiss is **DENIED**. The following facts from the Plaintiff's Complaint (Doc. 1) are taken as true for purposes of this motion.

### BACKGROUND

On January 7, 2011, Plaintiff filed this action in connection with a January 9, 2007 incident, in which he was allegedly "tasered" seven separate times by Co-Defendant Officer David Waterman. The taser was allegedly designed, manufactured, and marketed by TASER. (Doc. 1, ¶ 9). TASER's Motion to Dismiss is specifically for Counts I & II of the four-part complaint. In Count I, Plaintiff alleges violations of 42 U.S.C § 1983 with

regard to the Fourth, Fifth, Eighth, and Fourteenth Amendments and Count II sets out a "Monell claim" alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986. (Doc. 1).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 8(a)(2) requires that a plaintiff's complaint lay out "a short plain statement of the claim showing that the pleader is entitled to relief." That said, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than label and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

Therefore, "to survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss, courts must follow a simple, two-pronged approach: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1290 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). In sum, the "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

Plaintiff, in his Response in Opposition to Defendant's Motion to Dismiss (Doc. 24), states that his Complaint does not allege two causes of action against TASER in Counts I & II. Rather, these counts are alleged against the co-defendants. Although, Counts I & II do not specify in the count captions which defendants the allegations are against, it is reasonably inferred that such allegations are not against TASER as TASER is not mentioned anywhere under Counts I & II. Additionally, Counts III & V, which are solely against TASER, reference it in the count captions. Although this Court encourages Plaintiff to be more precise in the future, this ambiguity does not justify awarding attorneys' fees to TASER. Accordingly, it is:

**ORDERED** that Defendant TASER International, Inc.'s Motion to Dismiss (Doc. 7) be **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this ___ day of November, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record